IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RICHARD HOPP, | ) | 8:08CV185 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| FRED BRITTEN, et al., | ) | |
| | ) | |
| Respondents. | ) | |

This matter is before the court on Respondents' Motion to Dismiss. (Filing No. 13.) As set forth below, Respondents' Motion is granted.

### I.  *Background*

On April 26, 2000, Petitioner was sentenced to serve 18 to 20 years for one count of sexual assault of a child, and 20 to 60 months for one count of "visual depiction of explict [sic] conduct." (Filing No. 1 at CM/ECF p. 1.) Petitioner is currently in the custody of the Nebraska Department of Correctional Services on that sentence. (*Id.*) This matter is Petitioner's third petition for writ of habeas corpus filed in this court relating to this conviction and sentence. Petitioner filed his first petition on April 9, 2003. (*See Hopp v. Britten*, Case No. 4:03CV3132, Filing No. 1.) That petition was dismissed with prejudice on July 19, 2004 because it was not timely filed. (*See Hopp v. Britten*, Case No. 4:03CV3132, Filing Nos. 21 and 22.) On June 12, 2007, Petitioner filed his second petition. (*See Hopp v. Britten*, Case No. 8:07CV227, Filing No. 1.) That petition was dismissed with prejudice on November 6, 2007 because it was deemed "successive." (*See Hopp v. Britten*, Case No. 8:07CV227, Filing Nos. 24 and 25.) Petitioner filed his Petition for Writ of Habeas Corpus ("Petition") in this matter on April 22, 2008. (Filing No. 1.)

## *II.* *Analysis*

Rule 9 governing Section 2254 cases provides that:

> Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).

*Id.* Similarly, Section 2244(b)(3)(A) provides that:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

*Id.* The United States Supreme Court established a process for court of appeals' review of successive petitions:

> In AEDPA, Congress established a "gatekeeping" mechanism for the consideration of "second or successive habeas corpus applications" in the federal courts. *Felker v. Turpin*, 518 U.S. 651, 657 ... (1996); § 2244(b). An individual seeking to file a "second or successive" application must move in the appropriate court of appeals for an order directing the district court to consider his application. § 2244(b)(3)(A). The court of appeals then has 30 days to decide whether to grant the authorization to file. § 2244(b)(3)(D). A court of appeals' decision whether to grant authorization "to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." §2244(b)(3)(E).

*Stewart v. Martinez- Villareal*, 523 U.S. 637, 641 (1998).

In order for a petition to be considered "successive," it must "contest[] the same custody imposed by the same judgment of a state court." *Burton v. Stewart*, 549 U.S. 147 (2007). If a petition is deemed successive, the district court lacks "jurisdiction to consider it in the first place" and the district court must dismiss the petition. *Id.* However, dismissal is not appropriate where a petitioner "asserts a new rule of constitutional law or raises new facts that establish the petitioner's innocence of the underlying offense." *Singleton v. Norris*, 319 F.3d 1018, 1023 (8th Cir. 2003); *see also Stewart*, 523 U.S. at 641. The general bar against abusive or successive claims extends both to new claims which could have been raised or developed in an earlier petition and to successive claims which raise grounds identical to those heard and decided on the merits in a previous petition. *See Vancleave v. Norris*, 150 F.3d 926, 929 (8th Cir. 1998).

The court has carefully reviewed the record in this matter and in Petitioner's previous two habeas corpus proceedings. Petitioner makes no new argument, nor does he allege new facts demonstrating his innocence of the underlying offense which could not have been discovered prior to the filing of his first petition. The previous two petitions raise, in large part, claims and arguments similar to the Petition currently before the court. The Petition is therefore clearly a "successive petition." Petitioner does not assert that he has sought or received permission from the United States Court of Appeals for the Eighth Circuit to file this successive petition, nor is there any indication in the record that Petitioner has done so. The Petition must therefore be dismissed.

IT IS THEREFORE ORDERED that:

1.  Petitioner Richard Hopp's Petition for Writ of Habeas Corpus (filing no. 1) is dismissed without prejudice to the reassertion of a subsequent petition upon certification by the Eighth Circuit Court of Appeals.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

April 17, 2009.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge